

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Kathy Wiggins
    Plaintiff.

Case No. 1:12cv451

-v-

Firstpoint Collections Resources
    Defendant

## COMPLAINT

Plaintiff, Kathy Wiggins, hereby sues Defendants, FIRSTPOINT COLLECTIONS RESOURCES, and alleges:

### PRELIMINARY STATEMENT

This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq* and for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

2. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

3. This is an action for damages which do not exceed $10,000.00.

4. Plaintiff, Kathy Wiggins, is a natural person and is a resident of the State of North Carolina

5. The Defendant in this lawsuit is Firstpoint Collections Resources
, unknown entity with offices at 225 Commerce Place Greensboro, Nc 27402

All conditions precedent to the bringing of this action have been performed, waived or excused.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been obtained on various occasions by various entities he did not recognize and **without her consent.**

9. Plaintiff found after examination of his TransUnion and Experian consumer credit report that Defendants had obtained Plaintiffs TransUnion and Experian consumer credit report in Sept 2011.

10. Discovery of violations brought forth herein occurred in Sept 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

11. Plaintiff contends that the illegal actions of Defendants Firstpoint Collections Resources have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT FIRSTPOINT COLLECTIONS RESOURCES

12. Paragraphs 1 through 9 are realleged as though fully set forth herein.

13. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

14. FIRSTPOINT COLLECTIONS RESOURCES is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

15. FIRSTPOINT COLLECTIONS RESOURCES willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) FIRSTPOINT COLLECTIONS RESOURCES willfully violated 15 U.S.C. § 1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against FIRSTPOINT COLLECTIONS RESOURCES for $1,000 actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIRSTPOINT COLLECTIONS RESOURCES

16. Paragraphs 1 through 9 are realleged as though fully set forth herein.

17. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

18. FIRSTPOINT COLLECTIONS RESOURCES is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

19. FIRSTPOINT COLLECTIONS RESOURCES negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) FIRSTPOINT COLLECTIONS RESOURCES negligently violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against FIRSTPOINT COLLECTIONS RESOURCES for $1,000 actual, $1000 statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

# 15 U.S.C 1681b.

# Permissible purposes of consumer reports...

(a) **In general**

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) the term **"account"** means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section **1602 (i)** of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; **This seems to describe credit cards and home equity loans....don't you agree?**

TITLE 15 > CHAPTER 41 > SUBCHAPTER I > Part A > § 1602

Prev | Next § 1602. Definitions and rules of construction

15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT FIRSTPOINT COLLECTIONS RESOURCES

20. Paragraphs 1 through 20 are realleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

22. Defendant FIRSTPOINT COLLECTIONS RESOURCES is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

23. Defendant FIRSTPOINT COLLECTIONS RESOURCES violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   (a) Defendant FIRSTPOINT COLLECTIONS RESOURCES violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.
   (b) Defendant FIRSTPOINT COLLECTIONS RESOURCES violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   (c) Defendant FIRSTPOINT COLLECTIONS RESOURCES violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   (d) Defendant FIRSTPOINT COLLECTIONS RESOURCES violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.
   (e) Defendant FIRSTPOINT COLLECTIONS RESOURCES violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
   (f) Defendant FIRSTPOINT COLLECTIONS RESOURCES violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against FIRSTPOINT COLLECTIONS RESOURCES for $1,000 statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## RECKLESS AND WANTON CONDUCT

24. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-four (34).

25. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

26. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT THREE
## ALL DEFENDANTS
## INVASION OF PRIVACY

27. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-seven (37).

28. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiffs private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

29. Defendants' actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

30. As a proximate consequence of Defendants' invasion of Plaintiffs privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorneys fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR

## ALL DEFENDANTS

## DEFAMATION

31. Plaintiff incorporates by reference herein paragraphs one (1) through forty-one (41).

32. Defendants published, or caused to be published, false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

33. Likewise, Defendants published, or caused to be published, false information about Plaintiff each time Plaintiffs credit reports were accessed - which was the result intended by Defendants.

34. The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

35. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorneys fees, and any other and further relief deemed appropriate by this Court

## COUNT FIVE

## ALL DEFENDANTS

## INTENTIONAL MISREPRESENTATION

36. Plaintiff incorporates by reference herein paragraphs one (1) through forty-six (46).

37. Defendants intentionally and maliciously misrepresented material facts in that they falsely represented to others that Plaintiff owes money on a fraudulent account.

38. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed in determining Plaintiffs credit worthiness.

39. Defendants intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

40. As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX

## ALL DEFENDANTS

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-one (51).

42. Defendants' conduct, as described herein, was reckless and / or intentional, and performed with disregard for the rights of Plaintiff.

43. As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional, mental and physical distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### Demand for trial by jury

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May. 9, 2012

Respectfully submitted,

*Kathy Wiggins*

KATHY WIGGINS
5003 KENVIEW ST
GREENSBORO, NC 27410
KATHYWIGGINS_LAW@LIVE.COM


SERVICE TO:

FIRSTPOINT COLLECTIONS RESOURCES
225 COMMERCE PLACE
GREENSBORO, NC 27402
ACCT # 8470674/ 8541210/ 8744371...