```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


KATHY M. WIGGINS,              )
                               )
          Plaintiff,           )
                               )
     v.                        )      1:12CV451
                               )
FIRST POINT COLLECTIONS        )
RESOURCES,                     )
                               )
          Defendant.           )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Defendant's Motion for Judgment on the Pleadings (Docket Entry 18) and Motion for Extension of Time (Docket Entry 22). For the reasons that follow, the Court should enter judgment on the pleadings for Defendant, which conclusion renders moot its request to extend the discovery and mediation deadlines.

BACKGROUND

This case began May 9, 2012, when Plaintiff (or someone using her name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," describing the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq* and for violations of the Fair Debt

Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*[.]" (Docket Entry 2 at 1; see also id. at 3-6 (setting forth two causes of action under FCRA and one under FDCPA).) It also purports to assert state-law claims. (See id. at 6-9.) The only material, non-conclusory factual allegation in the Complaint regarding Defendant appears as follows: "Plaintiff found after examination of his [sic] TransUnion and Experian consumer credit report that Defendants [sic] had obtained Plaintiffs [sic] TransUnion and Experian consumer credit report in Sept 2011." (Id. at 2.)

The Court (per the undersigned Magistrate Judge) granted the IFP Application and ordered service of process. (Docket Entry 4.) After Defendant answered (Docket Entry 12), the Clerk noticed an Initial Pretrial Conference (Docket Entry 13). On August 24, 2012, prior to that conference, Plaintiff (or someone using her name) filed a document entitled "Plaintiff's Memorandum in Opposition to Defendants' [sic] Motion to Dismiss" (Docket Entry 15), despite the fact that Defendant had not filed any such motion (see Docket Entries dated May 9, 2012, through Aug. 24, 2012). Said Memorandum describes the instant action as brought only under the FCRA (see Docket Entry 15 at 1), references an affidavit by defense counsel (again despite the absence of any such filing on the Docket) (see id. at 2, 4; see also Docket Entries dated May 9, 2012, to Aug. 24, 2012), and confuses the standards for pleading sufficiency and summary judgment (see Docket Entry 15 at 1, 3-6).

Plaintiff and counsel for Defendant thereafter appeared for the Initial Pretrial Conference. (See Docket Entry dated Aug. 27, 2013.) When Plaintiff could not explain how or why she filed a memorandum responding to a non-existent motion, the Court (per the undersigned Magistrate Judge) struck it and, without objection by Plaintiff, adopted Defendant's proposed case-management schedule. (See id.; Text Order dated Aug. 27, 2012.)[1] Plaintiff also confirmed on the record that she had reviewed the Court's Local Rules and the Federal Rules of Civil Procedure and knew how to access them via official sources on the Internet. (See Text Order dated Aug. 27, 2012.)

On October 10, 2012, Defendant filed the instant Motion for Judgment on the Pleadings. (Docket Entry 18.) The undersigned Magistrate Judge thereafter reviewed the case and noticed that Plaintiff's IFP Application and Complaint appeared to lack a traditional signature and, instead, to feature a mere printed version of Plaintiff's name in the signature block. (See Docket Entry 1 at 3; Docket Entry 2 at 9.) In fact, said "signatures" matched the printed version of Plaintiff's name in the caption and first paragraph of the IFP Application. (Compare Docket Entry 1 at

---

[1] The undersigned Magistrate Judge later discovered that said memorandum matched (virtually word-for-word) memoranda filed in three similar cases. (Compare Docket Entry 15, with Nowlin v. Avis Budget Grp., No. 1:11CV511, Docket Entry 15; Snipes v. Alamance Cnty. Clerk of Cts., No. 1:11CV1137, Docket Entries 37-40; King v. Equable Ascent Fin. LLC, No. 1:12CV443, Docket Entry 15.)

-3-

3; Docket Entry 2 at 9, with Docket Entry 1 at 1.)  The undersigned Magistrate Judge also determined that the printing and "signatures" on Plaintiff's Complaint and IFP Application all bear significant, distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i."  (Compare, e.g., Docket Entry 1 at 1-3, Docket Entry 2 at 9, with Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Golden v. Absolute Collection Servs., No. 1:12CV956, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

In addition, a review of the complaints in those cases revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; and 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "COUNT I," "COUNT II," "15 U.S.C 1681b," "COUNT III," "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX." (Compare Docket Entry 2, with Ferguson, No. 1:12CV493, Docket Entry 2; Golden, No. 1:12CV875, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Golden, No. 1:12CV956, Docket Entry 2; Durham, No. 1:12CV957, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; Ferguson, No. 1:12CV1023, Docket Entry 2; Golden, No. 1:12CV1097, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[2]

Given the foregoing circumstances, the undersigned Magistrate Judge set this case for a hearing on Defendant's instant Motion for

---

[2] Another similar lawsuit filed by (or in the name of) Plaintiff also shared such characteristics, except that it did not contain the sections after "COUNT III." (See Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5.) Yet another lawsuit (not listed above) matches the cases cited here except that its original complaint appears to have a traditional signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2; but see id., Docket Entry 12 at 5 (setting out printed name in signature box for amended complaint).)

Judgment on the Pleadings and placed 13 other similar cases on for hearings/status conferences on the same calendar. (See Docket Entry 20.) Plaintiff did not appear as directed. (See Docket Entry dated Nov. 26, 2012.) Moreover, only one of the plaintiffs from the other similar cases noticed for proceedings that day appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to do so), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[3] Nor did Plaintiff ever file a response to Defendant's instant Motion for Judgment on the Pleadings. (See Docket Entries dated Oct. 10, 2012, to present.) Finally, when the discovery and mediation deadlines drew near without the Court having ruled on the instant Motion for Judgment on the Pleadings, Defendant filed its instant Motion for Extension of Time, seeking to extend them. (Docket Entry 22.)

## DISCUSSION

"[P]ursuant to Rule 12(c) of the Federal Rules of Civil Procedure, [Defendant has] move[d] this Court for [an] [o]rder granting judgment in [Defendant's] favor on Plaintiff's claims against [it] . . . [on the grounds that] Plaintiff has failed to state a claim for which relief can be granted . . . ." (Docket

---

[3] The Clerk maintains an audio-recording of all the proceedings from that calendar.

Entry 18.) Courts "apply[] the same standard for Federal Rule of Civil Procedure 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). Under this standard, the Complaint falls short if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[4]

---

[4] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

In this case, the Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a permissible purpose. (See Docket Entry 2 at 3.) It lacks any indication that Plaintiff ever contacted Defendant directly to ask why Defendant obtained Plaintiff's credit report. (See id.) Moreover, Plaintiff's IFP Application acknowledges several debts and other service accounts (see Docket Entry 1 at 3), as to which collection or other activity could occur so as to give rise to permissible grounds to obtain her credit report, see 15 U.S.C. § 1681b (a)(3)(A), (C), (E), and (F).[5] Further, the Complaint contains only a bald assertion that Defendant acted wilfully and that Plaintiff suffered actual damages. (See Docket Entry 2 at 3.) In two separate, recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims. See James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.). The same result should occur here.

---

[5] Had Plaintiff appeared at the scheduled hearing, the undersigned Magistrate Judge would have inquired as to whether she possessed any additional factual information that would support an inference that Defendant lacked a permissible purpose in obtaining Plaintiff's credit report, such that the Court should allow her an opportunity to amend her Complaint. By failing to appear as directed, Plaintiff has waived any right to such consideration.

The other causes of action in the Complaint suffer from even greater deficiencies. For example, although Plaintiff purports to assert a claim for violation of the FDCPA (see Docket Entry 2 at 5-6), the lone non-conclusory factual allegation in the Complaint, i.e., that Defendant obtained Plaintiff's credit report (see id. at 2), does not even relate to, much less sufficiently support, a finding that Defendant violated any of the cited FDCPA provisions (such as "falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," or failing to send Plaintiff a timely written notice of his rights to dispute the debt (id. at 5)).[6]

---

[6] Similarly, the allegation that Defendant obtained Plaintiff's credit report cannot sustain the purported state-law claims of "Reckless and Wanton Conduct," "Invasion of Privacy," "Defamation," "Intentional Misrepresentation," or "Intentional Infliction of Emotional Distress." (Docket Entry 2 at 6-9.) Indeed, those claims appear to focus on unspecified reporting of information about Plaintiff (see id.), but the Complaint contains no factual allegations of such conduct by Defendant (see id. at 1-
(continued...)

CONCLUSION

The Complaint fails to state a claim and the surrounding circumstances indicate that it represents part of a pattern of sham litigation.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Docket Entry 18) be granted and that this case be dismissed.

**IT IS ORDERED** that Defendant's Motion for Extension of Time (Docket Entry 22) is **DENIED AS MOOT.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 23, 2013

---

[6](...continued)
9). Plaintiff's failure to appear as directed at the hearing (at which time the Court could have determined if she had factual information that would warrant an opportunity to amend) supports proceeding directly to dismissal of the FDCPA and state-law claims.